ROB BONTA
Attorney General of California
TIMOTHY E. SULLIVAN, SBN 197054
Supervising Deputy Attorney General
DONALD ROBINSON, SBN 72402
SOMERSET PERRY, SBN 293316
Deputy Attorneys General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612-0550
Telephone:  (510) 879-0852
Fax:  (510) 622-2270

*Attorneys for Plaintiffs*
*Department of Toxic Substances Control and the*
*Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>EXXON MOBIL CORPORATION; E.I. DUPONT DE NEMOURS AND COMPANY, INC.; CHEVRON U.S.A., INC.; CHEVRON ORONITE COMPANY LLC; SHELL OIL COMPANY; PACIFIC GAS AND ELECTRIC COMPANY; PROLOGIS, INC.; FMC CORPORATION; UNION PACIFIC RAILROAD COMPANY; UNITED STATES STEEL CORPORATION; INTERNATIONAL BUSINESS MACHINES CORPORATION; and BAYER CROPSCIENCE, INC.,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR RECOVERY OF RESPONSE COSTS and DECLARATORY RELIEF (42 U.S.C. §§ 9601 et seq.) |

Plaintiffs, the California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account (collectively referred to herein as "Plaintiffs") allege as follows:

## STATEMENT OF THE CASE

1. This is a civil action brought by Plaintiffs against Exxon Mobil Corporation; E.I. DuPont De Nemours and Company, Inc.; Chevron USA, Inc.; Chevron Oronite Company LLC; Shell Oil Company; Pacific Gas and Electric Company; Prologis, Inc.; FMC Corporation; Union Pacific Railroad Company; United States Steel Corporation; International Business Machines Corporation; and Bayer CropScience, Inc. (each individually referred to herein as a "Defendant" and collectively referred to herein as the "Defendants") under sections 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), for the recovery of unreimbursed response costs that Plaintiffs have incurred, and interest on such response costs, in connection with releases and threatened releases of hazardous substances at, beneath, above, and/or from the Panoche landfill ("Panoche"), a closed hazardous waste treatment and disposal landfill located in Solano County, California.

2. Plaintiffs further make a claim for declaratory relief, under 28 U.S.C. § 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), for a declaratory judgment that each Defendant is jointly and severally liable to Plaintiffs for the response costs Plaintiffs have incurred, and for any further response costs Plaintiffs incur in the future as result of any release or threatened release of a "hazardous substance," as defined in CERCLA section 101(14), 42 U.S.C. § 9601(14), at Panoche.

3. Panoche was operated as a hazardous and solid waste landfill until it ceased accepting waste in or about 1986. Panoche, and the horizontal and vertical extent of contamination caused by the releases and threatened releases of hazardous substances from Panoche, is a "facility" within the meaning of sections 101(9)(A) and 101(9)(B) of CERCLA, 42 U.S.C. §§ 9601(9)(A), 9601(9)(B).

## JURISDICTION AND VENUE

4. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases and threatened releases of hazardous substances that are at issue occurred in this judicial district.

**PLAINTIFFS**

6. DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code sections 58009 and 58010. DTSC has the authority to protect California's people and environment from the harmful effects of toxic substances by restoring contaminated resources, enforcing hazardous waste laws, reducing hazardous waste generation, and encouraging the manufacture of chemically safer products. *See, e.g.*, Cal. Health & Safety Code §§ 25100-25259, §§ 25300-25359.45, and §§ 58009-58010. DTSC has authority under state law to determine whether there has been a release and/or threatened release of a hazardous substance and to respond to releases and/or threatened releases of a hazardous substance.

7. The Toxic Substances Control Account is an account within the State of California General Fund. California Health and Safety Code section 25173.6 establishes the account and the Director of DTSC administers the account. Under California Health and Safety Code section 25361(a), the account shall be a party in any action for the recovery of response costs or expenditures under Chapter 6.8 of Division 20 of the California Health and Safety Code that were incurred by DTSC from the account.

**DEFENDANTS**

8. Defendant EXXON MOBIL CORPORATION ("EXXON") is a corporation organized and existing under the laws of the State of New Jersey. DTSC is informed and believes, and based on such information and belief alleges, that EXXON has its principal place of business in Irving, Texas. DTSC is further informed and believes, and based on such information and belief alleges, that EXXON "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

9. Defendant E.I. DUPONT DE NEMOURS & COMPANY, INC. ("DUPONT") is a corporation organized and existing under the laws of the State of Delaware. DTSC is informed and believes, and based on such information and belief alleges, that DUPONT has its principal

place of business in Wilmington, Delaware. DTSC is further informed and believes, and based on such information and belief alleges, that DUPONT "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

10. Defendant CHEVRON U.S.A. INC. ("CHEVRON USA") is a corporation organized and existing under the laws of the State of Pennsylvania. DTSC is informed and believes, and based on such information and belief alleges, that CHEVRON USA has its principal place of business in San Ramon, California. DTSC is further informed and believes, and based on such information and belief alleges, that CHEVRON USA (including for itself and by and through its division known as Chevron Products Company) "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

11. Defendant CHEVRON ORONITE COMPANY LLC is a Delaware limited liability company. DTSC is informed and believes, and based on such information and belief alleges, that Defendant CHEVRON ORONITE COMPANY LLC is the successor-in-interest to Chevron Chemical Company, which DTSC is informed and believes, and based on such information and belief alleges, "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

12. Defendant SHELL OIL COMPANY ("SHELL") is a corporation organized and existing under the laws of the State of Delaware. DTSC is informed and believes, and based on such information and belief alleges, that SHELL has its principal place of business in Houston, Texas. DTSC is further informed and believes, and based on such information and belief, alleges, that SHELL "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

13. Defendant PACIFIC GAS & ELECTRIC COMPANY ("PGE") is a corporation organized and existing under the laws of the State of California. DTSC is informed and believes, and based on such information and belief alleges, that PGE has its principal place of business in San Francisco, California. PGE "arranged for disposal or treatment … of hazardous substances,"

as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

14. Defendant PROLOGIS, INC. ("PROLOGIS") is a real estate investment firm with headquarters in San Francisco, California. DTSC is informed and believes, and based on such information and belief alleges, that PROLOGIS, through its related entity PROLOGIS CALIFORNIA, INC., is the successor, through a series of mergers and acquisitions, to Southern Pacific Development Company, which DTSC is informed and believes, and based on such information and belief alleges, "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

15. Defendant FMC CORPORATION ("FMC") is a corporation organized and existing under the laws of the State of Delaware. DTSC is informed and believes, and based on such information and belief alleges, that FMC has its principal place of business in Philadelphia, Pennsylvania. DTSC is further informed and believes, and based on such information and belief alleges, that FMC "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

16. Defendant UNION PACIFIC RAILROAD, INC. ("UNION PACIFIC") is a corporation organized and existing under the laws of the State of Delaware. DTSC is informed and believes, and based on such information and belief alleges, that UNION PACIFIC has its principal place of business in Omaha, Nebraska. DTSC is informed and believes, and based on such information and belief alleges, that UNION PACIFIC is the successor-in-interest to Southern Pacific Transportation Company, which DTSC is informed and believes, and based on such information and belief alleges, "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

17. Defendant UNITED STATES STEEL CORPORATION ("U.S. STEEL") is an integrated steel producer with headquarters in Pittsburgh, Pennsylvania. DTSC is informed and believes, and based on such information and belief alleges, that U.S. STEEL "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

COMPLAINT FOR RECOVERY OF RESPONSE COSTS (PANOCHE)

18. Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM") is a corporation organized and existing under the laws of the State of New York. DTSC is informed and believes, and based on such information and belief alleges, that IBM has its principal place of business in White Plains, New York. DTSC is informed and believes, and based on such information and belief alleges, that IBM "arranged for disposal or treatment … of hazardous substances," as set forth in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

19. Defendant BAYER CROPSCIENCE, INC. ("BAYER") is a German multinational pharmaceutical and life sciences company corporation organized and existing under the laws of Germany. DTSC is informed and believes, and based on such information and belief alleges, that BAYER is the successor to Stauffer Chemical Company, which DTSC is informed and believes, and based on such information and belief alleges, "arranged for disposal or treatment … of hazardous substances," as those terms are defined in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at Panoche.

20. DTSC is informed and believes, and based on such information and belief alleges, that each Defendant knowingly arranged for the disposal of its hazardous substances in California.

## THE PANOCHE "FACILITY"

21. Panoche (referred to as the "Panoche Facility" in the 2001 Revised Part A application filed with the United States Environmental Protection Agency) is a landfill located at 2251 Lake Herman Road, Benicia, Solano County, California and is approximately two miles northeast of Benicia, in an unincorporated portion of Solano County. Panoche and the surrounding area consist of rolling hills and intervening valleys. The surrounding land is used primarily for pasture, with some municipal and industrial operations in the vicinity. Panoche is also located near an unnamed drainage to the south that is a tributary to Suisun Marsh and Suisun Bay.

22. Panoche consists of approximately 500 acres and includes an area, approximately 248 acres in size, that is permitted for postclosure operations. This postclosure operations area is identified by Solano County Assessor's Parcel numbers 181-270-01 (243.59 acres) and a small

portion of 181-240-05 (4.41 acres). The remaining acres are Solano County Assessor's Parcel numbers 181-270-05 (134.5 acres) and 181-240-05 (117.89 acres).

23. Panoche was a Class I hazardous waste management facility from 1968 to 1986. Panoche also possessed a land use permit from Solano County to accept industrial solid, liquid, and sludge waste for treatment, recycling, storage, and land disposal.  Panoche operated under the name J & J Disposal Company until 1975, at which time it was purchased by an entity known as the IT Corporation.  IT Corporation changed the landfill name in 1986 to the "Panoche Facility."

24. During the period Panoche operated as a Class I hazardous waste treatment and disposal landfill, it received and disposed of more than 550,000 tons of waste, including hazardous waste.  The wastes included, without limitation: caustic and acidic liquids and solids; petroleum refining sludges; catalysts; hydrogen sulfide abatement sludges; oily slurries; truck washout debris; inorganic precipitates; contaminated soils; organic sludges; shredded currency; and paint pigment sludges.  Waste management practices included, without limitation, biological treatment, neutralization, evaporation in ponds, and burial of wastes in landfills and trenches.

25. After Panoche ceased accepting hazardous substances for treatment, storage, and disposal, the IT Corporation undertook formal closure activities and, on March 27, 2003, Panoche received closure certification.  Panoche transitioned to postclosure status pursuant to a "postclosure permit" approved by DTSC on June 20, 2003. *See* Cal. Health & Safety Code §§ 25245-25248. A subsequent postclosure permit renewal application did not qualify for renewal because of inadequate financial assurances.

26. The on-going, postclosure operations required at Panoche include, but are not limited to: recovery and management of groundwater, leachate, and soil vapor contaminated by past waste management activities; routine inspections; maintenance and compliance activities; and long-term monitoring and reporting of groundwater, leachate, and soil vapor.

27. On November 29, 2001, the title of the Panoche property was transferred to an affiliated entity known as IT Lake Herman Road, LLC, a California limited liability company.

28. In 2002, IT Corporation (the former owner and operator of Panoche) filed for bankruptcy protection and, on May 1, 2004, the "IT Environmental Liquidating Trust" ("ITELT")

was established to oversee the long-term post closure operation, maintenance, and upkeep of Panoche as part of the conclusion of the bankruptcy proceedings.  Also on May 1, 2004, ITELT became the operator of Panoche.

29. A requirement applicable to Panoche is that the owner/operator–*i.e.*, ITELT–must obtain and maintain sufficient financial assurances that it can complete the required postclosure activities.  *See* Cal. Health & Saf. Code § 25245(a)(2); Cal. Code Regs., tit. 22, § 66264.145(e)(3).

30. On February 29, 2016, DTSC determined that ITELT was in violation of the postclosure requirements, in that the amount determined necessary for the purpose of demonstrating adequate financial assurances for completion of the postclosure activities was underfunded by an amount no less than $7,501,025.75.

31. On April 5, 2016, ITELT informed DTSC in writing that it had "no additional financial assets, or mechanisms in place, to meet the financial assurance obligations" required by California law.

32. In written correspondence dated July 28, 2016, DTSC notified ITELT in writing that the re-calculated shortfall in financial assurances for postclosure activities at Panoche is $25,346,588, based upon the 30-year financial assurance period, which amount is periodically reassessed and financial assurances renewed for another 30-year period to provide for long-term financial assurance for postclosure activities at Panoche.  In this same July 28, 2016 letter, DTSC determined – based on ITELT's April 5, 2016 letter – that ITELT would not be able to meet the financial assurance obligations for continued maintenance of the closed units, including the amount necessary for renewal of its permit to conduct the required postclosure activities.

33. On November 29, 2016, DTSC issued an Imminent and Substantial Endangerment Determination and Order and Remedial Action Order (ISE Order, Docket Number:  HSA-FY16/17-050) under the authority of Health and Safety Code sections 25358.3(a), 25355.5(a)(1)(B), 58009 and 58010.  DTSC issued this order, which was amended on February 17, 2017, May 26, 2017, and December 6, 2017, to address threatened releases of hazardous substances if Panoche is not properly managed when existing funds are depleted, and a permanent

remedy has not been implemented. (The November 29, 2016 order, as amended, shall be referred to as the "ISE Order.") The ISE Order named ITELT and a few generators [*i.e.*, "arrangers"], including the Defendants, or affiliates of Defendants, as respondents required to perform the work described in the ISE Order.

34. There have been "releases" of hazardous substances from Panoche, as defined in section 101(22) of CERCLA, 42 U.S.C. § 9601(22), which resulted in serious impacts to the environment (*e.g.*, air, soil, soil vapor, surface water, groundwater, or other media) and allowed exposure (*e.g.*, inhalation, dermal absorption, and ingestion) to human and ecological receptors on and off Panoche. Further releases of hazardous substances from Panoche threaten to result in similar serious impacts to the environment and exposure to human and ecological receptors.

## FIRST CLAIM FOR RELIEF

**(Cost Recovery Claim Against All Defendants Pursuant to Section 107(a) of CERCLA)**

35. Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 34 above, as though fully set forth herein.

36. Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), provides in relevant part that any person who arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances at a facility from which there has been a release or a threatened release of a hazardous substance which results in the incurrence of response costs, shall be liable for all costs of removal or remedial action incurred by a State not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("National Contingency Plan"), 40 C.F.R. Part 300.

37. Panoche, and the horizontal and vertical extent of the hazardous substance contamination caused by releases of hazardous substances from Panoche, including, without limitation, any area where any hazardous substance from Panoche has come to be located, is a "facility" within the meaning of section 101(9)(A) and (9)(B) of CERCLA, 42 U.S.C. §§ 9601(9)(A), 9601(9)(B).

38. Each Defendant is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

39. Each Defendant arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances at Panoche. Hazardous substances from Panoche have been released into the environment and there is a continuing threat of additional hazardous substance releases from Panoche. These releases and threatened releases have resulted, and will continue to result, in Plaintiffs' incurrence of response costs. Each Defendant is liable to Plaintiffs for response costs Plaintiffs incurred at Panoche as a result of releases and threatened releases at Panoche, pursuant to section 107(a)(3) of CERCLA, 42, U.S.C. § 9607(a)(3).

40. The hazardous and solid wastes treated and/or disposed of at Panoche contained, without limitation, metals such as arsenic, barium, cadmium, chromium (total), chloride, cobalt, iron, lead, manganese, mercury, and vanadium, as well as volatile organics, such as benzene, carbon tetrachloride, chlorobenzene, chloroform, 1,1-dichloroethane, 1,1-dichloroethene, 1,1-dichloropropene, cis-1,2-dichloroethene, trans-1,2-dichloroethene, tetrachloroethene (PCE), trichloroethene (TCE), and vinyl chloride. These wastes, which are present at Panoche, contained "hazardous substances," which are defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14). There has been a "release" or threatened release of hazardous substances, including, but not limited to, those included in this paragraph, from Panoche into the "environment," within the meaning of sections 101(8) and 101(22) of CERCLA, 42 U.S.C. §§ 9601(8) and 9601(22).

41. DTSC, in its capacity as an agency of the State of California, is considered a "State" for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

42. Plaintiffs have incurred response costs not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300, resulting from the releases or threatened releases of hazardous substances at and from Panoche, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25). These response costs include, but are not limited to, costs to monitor, assess, evaluate and/or otherwise respond to the release and/or threatened release of hazardous substances at

Panoche, as defined in Sections 101(23), (24) and (25) of CERCLA, 42 U.S.C. §§ 9601(23), (24) and (25). Plaintiffs are continuing to incur such costs, and Plaintiffs will continue to incur such costs in the future.

43. Each Defendant is jointly and severally liable, without regard to fault, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for Plaintiffs' response costs resulting from the release or threat of release of hazardous substances from Panoche.

44. Pursuant to section 107(a) of CERCLA, Defendants are also liable for interest accrued on Plaintiffs' response costs.

## SECOND CLAIM FOR RELIEF

**(Claim for Declaratory Relief Pursuant to section 113(g)(2) of CERCLA)**

45. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs 1 through 44 above, as though fully set forth herein.

46. Under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), Plaintiffs are entitled to a declaratory judgment that each Defendant is jointly and severally liable to Plaintiffs for any response costs Plaintiffs have incurred, and for any further response costs Plaintiffs incur in the future, resulting from the releases and/or threatened releases from Panoche.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against all Defendants as follows:

1. For a judgment that each defendant is jointly and severally liable to Plaintiffs, without regard to fault, for all costs of response, removal, and remedial actions, including, but not limited to, oversight costs, incurred by Plaintiffs and resulting from release(s) and/or threatened release(s) of hazardous substances at, beneath, above, and/or from Panoche;

2. For a declaration that each defendant is jointly and severally liable to Plaintiffs, without regard to fault, for all future costs, including oversight costs, incurred by Plaintiffs as a result of any release(s) and/or threatened release(s) of hazardous substances at, beneath, above, and/or from Panoche;

3. For Plaintiffs' costs of suit;

4. For Plaintiffs' attorneys' fees;

5. For prejudgment interest; and

6. For such other and further relief as the court deems just and proper.

Dated: September 24, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
TIMOTHY E. SULLIVAN
Supervising Deputy Attorney General


/s/ Somerset Perry
SOMERSET PERRY
DONALD A. ROBINSON
Deputy Attorneys General

*Attorneys for Plaintiffs Department of Toxic Substances Control and the Toxic Substances Control Account*