LOEB & LOEB LLP
ALBERT M. COHEN (SBN 141525)
acohen@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone:   310.282.2000
Facsimile:   310.282.2200

Attorneys for Defendant
PAC Operating Limited Partnership
incorrectly named as Prologis, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT, <br><br> Plaintiffs, <br><br> v. <br><br> EXXON MOBIL CORPORATION et al., <br><br> Defendants. | Case No.:  2:21-cv-01739-KJM-JDP <br><br> **DEFENDANTS'[1] JOINT NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. §12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **(FILED CONCURRENTLY WITH REQUEST FOR JUDICIAL NOTICE, DECLARATION OF ALBERT M. COHEN AND ACCOMPANYING EXHIBITS** <br><br> Date:        May 6, 2022 <br> Time:        10:00 a.m. <br> Judge:       Hon. Kimberly J.  Mueller |

---

[1] This Motion and accompanying Memorandum and the separately filed Request for Judicial Notice and Declaration of Albert M. Cohen are being filed on behalf of the following defendants:  PAC Operating Limited Partnership, incorrectly named as Prologis, Inc.; E.I. Dupont De Nemours and Company; Chevron U.S.A., Inc.; Chevron Oronite Company LLC; Shell Oil Company n/k/a Shell U.S.A., Inc; Pacific Gas and Electric Company; Union Pacific Railroad Company; United State Steel Corporation; International Business Machines Corporation; and Bayer Cropscience, Inc. (hereinafter collectively referred to as "Defendants.")

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 6, 2022, at 10:00 a.m. or at the nearest available date at which counsel may be heard, in Courtroom 2, 15th floor of the above referenced court located at 501 I Street, Sacramento, CA 95814—or by remote hearing technology if the Court so instructs—Defendants will and hereby do, present for hearing to this Court this Motion to Dismiss (the "Motion").

The Motion seeks dismissal of the complaint (the "Complaint") brought by Plaintiff California Department of Toxic Substantives Control and the Toxic Substances Control Account (collectively, "DTSC") pursuant to  Federal Rule of Civil Procedure 12(b)(6), on the grounds that it fails to state a claim upon which relief may be granted in that the claims are barred by the statute of limitations and that DTSC has not and cannot plead that a release or threatened release of hazardous substances has caused it to incur necessary response costs.  The Motion is based on this Notice of Motion and Motion, the attached  Memorandum of Points and Authorities, the concurrently filed  Request for Judicial Notice and exhibits thereto, the, Declaration of Albert M. Cohen  and exhibits thereto, all pleadings and papers filed in this action, and such additional papers and arguments as may be presented on in connection with the hearing.

We hereby certify that a meet and confer was held with counsel for Plaintiff on March 2, 2022 at which time we were unable resolve the issues which are the subject of this Motion.  However, as reflected in the Stipulation and [Proposed] Order to Further Extend Defendants' Deadline to Respond to the Complaint filed on March 8, 2022, are engaged in ongoing settlement negotiations.

///

///

///

///

///

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

1   Dated:  March 14, 2022                    LOEB & LOEB LLP
                                              ALBERT M. COHEN
2

3                                             By:
4                                                 Albert M. Cohen
                                                  Attorneys for Defendant
5                                                 PAC Operating Limited Partnership
                                                  incorrectly named as Prologis, Inc.
6

7   Dated:  March 14, 2022                    EDGCOMB LAW GROUP, LLP

8
                                              By:/s/ John D. Edgcomb
9                                                 (as authorized on March 14, 2022)
                                                  John D. Edgcomb
10                                                Attorneys for Stauffer Management
                                                  Company LLC, as litigation agent for
11                                                Defendant Bayer CropScience, Inc.

12
    Dated:  March 14, 2022                    ROGERS JOSEPH O'DONNELL
13

14
                                              By:/s/ Robert C. Goodman
15                                                (as authorized on March 14, 2022)
                                                  Robert C. Goodman
16                                                Attorneys for Defendant Chevron U.S.A.,
                                                  Inc. and Chevron Oronite Company LLC
17

18  Dated:  March 14, 2022                    GLYNN, FINLEY, MORTL HANLON &
                                              FRIEDENBERG, LLP
19

20                                            By:/s/ Andrew T. Mortl
                                                  (as authorized on March 14, 2022)
21                                                Andrew T. Mortl
                                                  Attorneys for Defendant E.I. du Pont de
22                                                Nemours and Company

23
    Dated:  March 14, 2022                    FARELLA BRAUN + MARTEL LLP
24

25                                            By:/s/ Robert L. Hines
26                                                (as authorized on March 14, 2022)
                                                  Robert L. Hines
27                                                Attorneys for Defendant FMC
                                                  Corporation
28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

Dated:  March 14, 2022    MANATT, PHELPS & PHILLIPS, LLP


By: */s/ Peter Duchesneau*
  (as authorized on March 14, 2022)
  Peter Duchesneau
  Attorneys for Defendant International
  Business Machines Corporation

Dated:  March 14, 2022    DOWNEY BRAND LLP


By: */s/ Steven H. Goldberg*
  (as authorized on March 14, 2022)
  Steven H. Goldberg
  Attorneys for Defendant Union Pacific
  Railroad Company

Dated:  March 14, 2022    EDLIN GALLAGHER HUIE + BLUM


By: */s/ Earl L. Hagstrom*
  (as authorized on March 14, 2022)
  Earl L. Hagstrom
  Fred M. Blum
  Farheena A. Habib
  Attorneys for Defendant United States
  Steel Corporation

Dated:  March 14, 2022    BARG COFFIN LEWIS & TRAPP, LLP


By: */s/ Brian S. Haughton*
  (as authorized on March 14, 2022)
  Brian S. Haughton
  Attorneys for Defendant Pacific Gas and
  Electric Company

Dated:  March 14, 2022    WILSON TURNER KOSMO LLP


By: */s/ Robin A. Wofford*
  (as authorized on March 14, 2022)
  Robin A. Wofford
  Jonna D. Lothyan
  Attorneys for Defendant
  SHELL OIL COMPANY n/k/a SHELL
  U.S.A., INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

1

# TABLE OF CONTENTS

2                                                                                          **Page**

3    I.      INTRODUCTION AND RELIEF REQUESTED ......................................... 1

4    II.     FACTUAL AND PROCEDURAL BACKGROUND................................... 2

5            A.      Plaintiffs and IT Corporation ................................................. 2

6            B.      Site Closure and Remediation................................................ 3

7            C.      DTSC's ISE Orders................................................................ 4

8            D.      DTSC's Belated Lawsuit ....................................................... 5

9    III.    ARGUMENT ......................................................................................... 6

10           A.      Standard for Motion to Dismiss. ........................................... 6

11           B.      DTSC's First Claim For Relief For Cost Recovery Pursuant
                     To Section 107(A) of CERCLA Is Barred By the Statute of
12                   Limitations ............................................................................. 8

13                   1.      The Statute of Limitations for Remedial Action Costs
                             Expired Because DTSC Filed Suit More than Six Years
14                           After Initiation of Onsite Construction of the Remedy ............. 8

15                   2.      The Statute of Limitations For Removal Action Costs
                             Expired Because DTSC Filed Suit More Than Three
16                           Years After Completion of the Removal Action ..................... 11

17           C.      The Complaint Must Be Dismissed Because DTSC Has Not
                     And Cannot Plausibly Plead That A Release Or Threatened
18                   Release Of Hazardous Substances At The Site Caused It To
                     Incur Necessary Response Costs. ........................................ 12
19
20   IV.     DTSC'S SECOND CLAIM FOR RELIEF FOR DECLARATORY
             RELIEF PURSUANT TO SECTION 113(g)(2) OF CERCLA IS
             BARRED BECAUSE ITS FIRST CLAIM FOR RELIEF IS
21           BARRED ............................................................................................ 16

22   V.      CONCLUSION ................................................................................... 18

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................... 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................... 6, 7

*Cal. v. Neville Chem. Co.*,
   358 F. 3d 661 (9th Cir. 2004) ........................................................ 8, 9

*Cardiner v. Provident Life & Acc. Ins. Co.*,
   158 F. Supp. 2d 1088 (C.D. Cal. 2001) .............................................. 7

*Carson Harbor Vill., Ltd. v. Unocal Corp.*,
   270 F.3d 863 (9th Cir. 2001) ..................................................... 12, 13

*City of Colton v. Am. Promotional Events, Inc.-West*,
   614 F.3d 998 (9th Cir. 2010) ............................................... 13, 16, 17

*City of Lincoln v. United States*,
   No. 2:16-cv-1164-KJM-AC, 2020 U.S. Dist. LEXIS 158386 (E.D.
   Cal. Aug. 31, 2020) .......................................................................... 13

*Cousins v. Lockyer*,
   568 F.3d 1063 (9th Cir. 2009) ........................................................... 6

*Diverse Real Estate Holdings v. Intl'l Mineral and Chem. Corp.*,
   No. 91 C 8090, 1995 WL 110138 (N.D. Ill. Mar. 13, 1995) ............ 15

*In re Exide Holdings, Inc.*,
   No. 20-11157-CSS, 2021 WL 3145612 (D. Del. July 26, 2021) ....... 16

*Geraghty & Miller, Inc. v. Conoco Inc.*,
   234 F.3d 917 (5th Cir. 2000) ............................................................. 9

*Gussack Realty Co. v. Xerox Corp.*,
   224 F.3d 85 (2d Cir. 2000) (per curiam) .......................................... 17

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

*In re Landes*,
    No. 17-22481-E-7, 2021 WL 1257234 (E.D. Cal. Apr. 1, 2021) ........................7

*Long Beach Unified Sch. Dist. v. Santa Catalina Island Co.*,
    2021 U.S. Dist. LEXIS 196636 (C.D. Cal., August 17, 2021) ......................8, 9

*Powell Duffryn Terminals v. CJR Processing*,
    808 F. Supp. 652 (N.D. Ill. 1992)................................................................14, 15

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741 (9th Cir. 2006) ..........................................................................7

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
    971 F.2d 244 (9th Cir. 1992) ..........................................................................7

*Silicon Valley Bank v. N.H. Ins. Co.*,
    203 F. Supp. 2d 1152 (C.D. Cal. 2002)..........................................................7

*Trimble v. Asarco, Inc.*,
    232 F.3d 946 (8th Cir. 2000), *overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)............................17

*United States v. Navistar Int'l Transp. Corp.*,
    *152 F.3d 702* ..................................................................................................9

*United States v. Occidental Chem. Corp.*,
    200 F.3d 143 (3d Cir.1999) ...........................................................................17

*United States v. Union Corp.*,
    259 F. Supp. 2d 356 (E.D. Pa. 2003)..............................................................14

*Yellow Freight Sys. v. ACF Indus.*,
    909 F. Supp. 1290 (E.D. Mo. 1995) ...............................................................13

**Statutes**

§101(23) of CERCLA, 42 U.S.C. §9601(23)................................................................12

§101(24) of CERCLA, 42 U.S.C. §9601(24)..........................................................10, 12

§101(25) of CERCLA, 42 U.S.C. §9601(25)..................................................................8

§113(g)(2) of CERCLA, 42 U.S.C. §9613(g)(2)..............................................*passim*

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

California Health and Safety Code §25173.6 ........................................................ 2

California Health and Safety Code sections 58009 and 58010 ............................... 2

Comprehensive Environmental Response, Compensation and Liability
    Act §107(a), 42 U.S.C. §9607 ................................................................. *passim*

RCRA Corrective Action and Closure and CERCLA Site Activities,
    EPA, September 24, 1996 .................................................................................. 9

Resource Conservation and Recovery Act, 42 U.S.C. §6901 *et. seq.* ...................... 4

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(6) and 12(e) ....................................... 1, 6, 7

FRE Rule 201(b) ................................................................................................. 7

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

iv

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), the undersigned Defendants, PAC Operating Limited Partnership, incorrectly named as Prologis, Inc. ("PAC"); E.I. Dupont De Nemours and Company; Chevron U.S.A., Inc.; Chevron Oronite Company LLC; Shell Oil Company; Pacific Gas and Electric Company; Union Pacific Railroad Company; United State Steel Corporation; International Business Machines Corporation; and Bayer Cropscience, Inc. (hereinafter collectively referred to as "Defendants.") move to dismiss with prejudice the Complaint for Recovery of Response Costs and Declaratory Relief ("Complaint") filed by Plaintiff California Department of Toxic Substantives Control and the Toxic Substances Control Account (collectively "DTSC" or "Plaintiff") for failure to state a claim.

## I.    INTRODUCTION AND RELIEF REQUESTED

At the outset, it is important to understand what this case is NOT about. This case is not about an uncontrolled hazardous waste landfill that currently poses a current threat to the environment.  Indeed, Plaintiff admits that the remedy for the Panoche Landfill ("Landfill" or "Site") was completed almost twenty (20) years ago (Complaint ¶25), that it certified that all elements of the remedy were completed many years ago (*Id.*), and that post-closure operations at the Site, including groundwater management and treatment, control of soil vapor, maintenance and compliance activities are ongoing as a matter of course (Complaint ¶26).  Plaintiff does not allege that the Landfill poses a threat to the environment at this time. Rather, the sole basis for Plaintiff's claim is that there may be a release to the environment at some unspecified future date "*if* [the Landfill] is not properly managed *when* existing funds are depleted." (emphasis added)(Complaint ¶33). Plaintiff's claims fail for two reasons. First, because the remedy was constructed and completed many years ago, the statute of limitations for Plaintiff's claims under §107 of the Comprehensive Environmental Response, Compensation and Liability

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

Act, 42 U.S.C. §9607 ("CERCLA") expired years before Plaintiff filed this action. Second, because Plaintiff cannot allege that an actual or real threat to the environment caused it to incur the response costs it is seeking to recover, it cannot successfully plead a claim for response costs under CERCLA. Accordingly, the Complaint must be dismissed.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Plaintiffs and IT Corporation

DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code sections 58009 and 58010. Dkt. 1 (Complaint. ¶6). The Toxic Substances Control Account is an account within the State of California General Fund established pursuant to California Health and Safety Code §25173.6 (Complaint ¶7).

The Panoche Facility at issue in this case operated as a Class I hazardous wastes landfill from 1968 through 1986 (Complaint ¶23), during which time it was permitted and regulated by DTSC. (RJN Ex. 1 at 1 - Department of Toxic Substances Control, Hazardous Waste Management Program – Construction Complete – RCRA Corrective Action Assessment of CA550 (Remedy Construction Complete) – Panoche Facility ("Construction Complete")). During this period, entities, including Defendants, legally disposed of waste at the Site (Complaint ¶14). Among other things, they manifested their wastes as required by law and paid a fee for disposal.[2]

In 2002, IT Corporation ("IT") filed for bankruptcy protection. On May 1, 2004, the IT Environmental Liquidating Trust (" ITELT") was established to oversee long-term post closure operation, maintenance and upkeep of the Site and became the operator of the Site in 2004 (Complaint ¶28; RJN Ex. 3 at 13, ¶20.2 - Consent Order Docket No.: HWCA P1-03/04-0111 "In the Matter of: IT

---

[2] Nowhere in the Complaint does DTSC allege that Defendants were engaged in any illegal activity.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

1   Environmental Liquidating Trust" executed by DTSC on June 1, 2004 ("2004

2   Consent Order")) At that time, DTSC was fully aware that ITELT was not

3   financially capable of meeting the long-term financial assurance requirements for

4   the landfills (RJN Ex. 3 at 13, ¶20.2 - 2004 Consent Order).  Since 2004, ITELT has

5   operated, and DTSC has overseen, the Site (RJN Ex. 4, passim - Imminent and

6   Substantial Endangerment Determination and Order and Remedial Action Order –

7   In the Matter of:  Panoche Facility – Docket No. HAS-FY 16/17-050 ("ISE Order");

8   Complaint at ¶¶25, 26).

9       **B.   <u>Site Closure and Remediation</u>**

10      After the Site ceased accepting wastes in 1986, IT undertook site

11  investigations and remedial activities as part of its formal closure of the Facility

12  (Complaint ¶25) .  In 1991, IT submitted a Final RCRA Facility Investigation

13  Workplan to DTSC and, in 1996, based on its investigation,  submitted Closure and

14  Post-Closure Plans for the Facility (RJN Ex. 1 at 1-2 - Construction Complete).

15      Pursuant to the plans, IT commenced remediation to achieve closure

16  (Complaint ¶25).  The initial remedial work at the landfill (the "Initial Closure

17  Areas") included the solidification and consolidation of approximately 400,000

18  cubic yards of soil and waste, installation of a RCRA cover system including low

19  permeability soils and geosynthetic layers, a passive and active gas collection

20  system, and a groundwater extraction and treatment system (RJN Ex. 1 at 1–

21  Construction Complete).  Construction of this portion of the remedy was completed

22  in 2000. (*Id.* at 2). On March 27, 2003 Panoche received closure certification from

23  DTSC (Complaint ¶25).  On June 23, 2003, the Site transitioned to post-closure

24  status pursuant to Hazardous Waste Facility Post-Closure Permit for the Facility

25  issued by DTSC (the "Post-Closure Permit") (Complaint ¶25).

26      The remaining area of the Facility, Drum Burial Area V ("DBA-V"), which

27  was found to be a source of groundwater contamination and dense aqueous-phase

28  liquids ("DNAPL"), was addressed under a separate corrective action monitoring

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

and remediation program.  (RJN Ex. 1 at 1 – Construction Complete).  DBA-V As part of the Post-Closure Permit, DTSC required that remediation of DBA V be undertaken (*Id.).*  In March, 2001, a Corrective Measures Study was completed  and in June, 2001, the Remedy for DBA V was selected (*Id.*).[3]  In  compliance with the permit, the sources of groundwater contamination, buried drums, were removed and a trench and groundwater and vapor treatment system installed to intercept the flow of contaminated groundwater (*Id.*).  Construction of these elements of the remedy was completed in April, 2004 (*Id.*).

On April 10, 2014, DTSC certified that "ALL final remedy decisions and ALL remedy construction necessary for protection of human health and the environment . . . for ALL portions of the site" had been "completely installed" and were "operating according to specifications stated in the remedy decision documents or approved work plans" (emphasis in original)(RJN Ex. 1 at 5 – Construction Complete).[4]

As recently as December 30, 2021, the Independent Engineer certified that the Facility is "in good condition and the closure systems are functioning properly. ." (RJN Ex. 6 at 1 - December 30, 2021 letter from ITELT to Mary Gaspari and accompanying report by Independent Engineer).

### C.    DTSC's ISE Orders

In 2016, DTSC issued a notice of violation to ITELT stating that although post-closure operations were continuing, the Site could not meet the financial assurance requirements of its permit which required ITELT assure that it had

---

[3] Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §6901 *et. seq.*

[4] In addition, in 1999, DTSC certified that human exposures were under control (RJN Ex. 7 at 1 - RCRA Corrective Action, Current Human Exposure Under Control – Interim Final 2/5/99) and in September, 2002, DTSC and Environmental Protection Agency Region 9 certified that migration of contaminated groundwater was under control and no contaminated groundwater was being discharged into surface waters (RJN Ex. 8 at 1 - EI Determinations for Remedial Activities Overseen by Department of Toxic Substances Control (DTSC), Permitting Division – EPA ID# CAD 000 060 012).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

sufficient financial resource to continue post-closure operations for thirty years. (Complaint ¶¶29–32).  On November 29, 2016, DTSC issued an Imminent and Substantial Endangerment Determination and Remedial Action Order (Docket Number:  HAS-FY16/17-050[5])("ISE Order") to various parties that allegedly disposed of wastes at the Site, including Defendants.  (Complaint ¶33; RJN Ex. 4 - ISE Order).  The ISE Order, did not identify any deficiencies in how post-closure operations were proceeding.  Indeed, only a few months before, DTSC conducted a Site inspection and concluded that there were no violations of the post-closure permit (RJN Ex. 2 at 1 – May 24, 2016 Letter from DTSC to Sunil Kishnani, Trustee, IT Liquidating Trust).  Rather, DTSC "issued [the] order . . . to address threatened releases of hazardous substances if Panoche is not properly managed when existing fund are depleted…."  (Complaint ¶33). The Order alleged that ITELT could not meet financial assurance requirements and, that if it ever had to discontinue post closure operations there "may be an imminent and/or substantial endangerment."  (RJN Ex. 4 at 10, ¶4.4 - ISE Order). The ISE Order directed the recipients to "submit a plan to abate the release and/or threatened release of hazardous substances from the Site. Such plan may include steps to ensure that ITELT has adequate resources to continue post closure operations…."  (RJN Ex. 4 at 11, ¶5.3 - ISE Order).

**D.    DTSC's Belated Lawsuit**

On September 24, 2021, over twenty (20) years after initiation of onsite construction, fifteen (15) years after construction of the remedy was completed, and over seven (7) years after DTSC certified that ALL remedial activities had been completed, DTSC filed suit against PAC and the other defendants claiming that it was entitled to recover environmental response costs under §107 of the Comprehensive Environmental Response, Compensation and Liability Act 42

---

[5] Although the Order has been amended twice, the substantive elements remained the same (Complaint ¶33).

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

U.S.C. §9607 ("CERCLA") and to declaratory relief that Defendants are liable for response costs incurred and to be incurred by DTSC. (Complaint at 1).

Subsequently, the ISE Order Respondents filed a Petition for Writ of Mandate in the Superior Court of the County of Solano challenging the validity of the ISE Order.  (RJN Ex. 5 at 1 - Verified Petition for Peremptory Writ and Writ of Mandate, and Complaint for Declaratory Relief and Injunction – IT Sites Cooperating Generators Joint Defense Group v. California Environmental Protection Agency et al. Case No. FCS056611; Superior Court of the State of California for the County of Solano).  As recently as December 30, 2021, the Independent Engineer certified that the Facility is "in good condition and the closure systems are functioning properly."  (RJN Ex. 6 at 1 - December 30, 2021 letter from ITELT to Mary Gaspari and accompanying report by Independent Engineer).

## III.   ARGUMENT

Pursuant to  Rule 12(b)(6), the Complaint must be dismissed because (a) DTSC failed to file its Complaint within the statute of limitations period and (b) DTSC failed to plausibly plead that there has been an actionable release or threatened release at the Site which caused it to incur response costs.

### A.   Standard for Motion to Dismiss.

To defeat a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a 12(b)(6) motion, the court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation and internal quotations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations must be

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

enough to raise a right to relief above the speculative level." (*Id.*) When the allegations do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (explaining that the "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully," and where a claim pleads facts that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility.") (internal quotations omitted).

In ruling on a motion to dismiss under Rule 12(b)(6), "the Court may consider 'allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" *In re Landes*, No. 17-22481-E-7, 2021 WL 1257234, at *4 (E.D. Cal. Apr. 1, 2021) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)). Courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006); *see also Cardiner v. Provident Life & Acc. Ins. Co.*, 158 F. Supp. 2d 1088, 1099 (C.D. Cal. 2001) (courts may take judicial notice of their own records). In addition, courts may take judicial notice of pleadings previously filed by the parties. *Silicon Valley Bank v. N.H. Ins. Co.*, 203 F. Supp. 2d 1152, 1155 (C.D. Cal. 2002). FRE Rule 201(b); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Accordingly, the below-referenced court filings and other materials in the public record, and referenced in the accompanying Request for Judicial Notice, are appropriate matters for the Court to judicially notice.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

7

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

**B.** **DTSC's First Claim For Relief For Cost Recovery Pursuant To Section 107(A) of CERCLA Is Barred By the Statute of Limitations**

In its First Claim for Relief, DTSC seeks recovery of response costs under §107 of CERCLA, 42 U.S.C. §9607.[6] "Response actions" under §107 of CERCLA are classified as either "removal" actions or "remedial" actions.[7] Regardless of whether the response actions at issue are considered removal or remedial actions, the statute of limitations for DTSC's §107 claim expired well before it filed suit. Therefore, its first Claim for Relief must be dismissed.

      1.   The Statute of Limitations for Remedial Action Costs Expired Because DTSC Filed Suit More than Six Years After Initiation of Onsite Construction of the Remedy

In this case, to the extent that the response activities are considered remedial actions, the statute of limitations expired long before DTSC filed suit. "[R]emedial actions generally are permanent responses." *Cal. v. Neville Chem. Co.*, 358 F. 3d 661, 667 (9th Cir. 2004) ("*Neville*") (citation omitted). *See also Long Beach Unified Sch. Dist. v. Santa Catalina Island Co.*, 2021 U.S. Dist. LEXIS 196636, at *27 (C.D. Cal., August 17, 2021)("*Long Beach*")("One consistent thread in the decisions determining whether an action is 'remedial' or 'removal' in nature is that 'removal actions generally are immediate or interim responses, and remedial actions generally are permanent responses." (Citing *Neville*)).

The statute of limitations for a recovery of remedial costs is six years after initiation of physical on-site construction of the remedial action (CERCLA

---

[6] Section 107 provides that several classes of parties including "any person who by contract, agreement, or otherwise arranged for disposal . . . of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing hazardous substances" are liable for "all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan."

[7] "The terms 'respond' or 'response' mean remove, removal, remedy and remedial action." 42 U.S.C. §9601(25).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

§113(g)(2)(B), 42 U.S.C. §9613(g)(2)(B).[8]  That six-year period commences once a remedial action plan has been adopted and a response action consistent with the plan has been commenced. *Neville* at 668 (holding that remedial action commenced when construction was initiated after DTSC approved the remedial action plan).  *See also Geraghty & Miller, Inc. v. Conoco Inc.*, 234 F.3d 917, 927 (5th Cir. 2000) (holding that the CERCLA statute of limitations for remedial actions commences when the permanent remedy is selected);  *United States v. Navistar Int'l Transp. Corp., 152 F.3d 702, 711-12* (holding that statute commenced when work was performed after approval of the remedy).  In *Long Beach*, the Court, relying upon *Neville*, held that a cleanup initiated pursuant to a remedial plan approved by DTSC triggered the six year statute of limitations and, because that work was initiated more than six years before suit was filed the limitations period expired (*Long Beach* at 30).

Here, the Closure and Post Closure Plans (the "Remediation Plans"),[9] which described the proposed remedial actions for all portions of the landfill, except DBA V[10] were submitted to DTSC in 1996 and approved by DTSC in March, 1998 (RJN Ex. 1 at 2 – Construction Complete).  The DBA V remedy was approved by DTSC in June, 2001.

---

[8] "An initial action for recovery of costs referred to in section 107 must be commenced . . . (B) for a remedial action, within 6 years after initiation of physical on-site construction of the remedial action  . . ."

[9]  See e.g. RJN Ex. 9 at 2 - Coordination between RCRA Corrective Action and Closure and CERCLA Site Activities, EPA, September 24, 1996) ("Generally, cleanups under RCRA corrective action or CERCLA will substantively satisfy the requirements of both programs.  We believe that, in most situations, EPA RCRA and CERCLA site managers can defer cleanup activities for all or part of a site from one program to another with the expectation that no further cleanup will be required under the deferring program.  For example, when investigations or studies have been completed under one program, there should be no need to review or repeat those investigations or studies under another program. Similarly, a remedy that is acceptable under one program should be presumed to meet the standards of the other.").

[10] These included an onsite Corrective Management Unit ("CAMU"), a cover system, a passive and active gas collection system, and a groundwater extraction and treatment system (RJN Ex. 1 at 2 – Construction Complete).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

1    The Remediation Plans called for solidification and consolidation of

2    approximately 400,000 cubic yards of soil and waste which were to be placed into

3    an onsite Corrective Action Management Unit landfill, consisting of: 1) a RCRA

4    cover system of low permeability soils and geosynthetic layers, 2) a passive and

5    active gas collection system, 3) a groundwater extraction and treatment system,

6    including extraction wells and a slurry wall keyed into bedrock providing a barrier

7    and controlling offsite groundwater migration and evaporation ponds and above

8    ground tanks for management of groundwater and leachate (*Id.* at 1-2).   These are

9    precisely the types of activities that are included in the definition of "remedial"

10   actions – "storage, confinement, perimeter protection using dikes, trenches, or

11   ditches, clay cover, neutralization, cleanup of released hazardous substances . . .

12   excavations  . . collection of leachate and runoff, onsite treatment..."  42 U.S.C.

13   §9601(24).  DTSC confirmed that "[i]n 2000, Closure construction [of the Initial

14   Closure Areas] was completed…" (*Id.* at 2)[11].

15       Because on-site construction of these elements of the remedy was completed

16   in 2000, "physical on-site construction of the remedy" was necessarily initiated well

17   prior to that date and the six-year statute of limitations period for this remedial

18   action expired long before long before 2006, many years before DTSC filed its

19   Complaint in 2021.

20       Similarly, DTSC approved the remedy for DBA V in its DTSC "Remedy

21   Decision and Response to Comments" dated June 28, 2001 (*Id.* at 2).  The remedy

22   included: 1) removal of buried drums; and 2) installation of a Source Area

23   Containment system trench and groundwater and vapor treatment system (*Id.*) –

24   again, precisely the kinds of activities defined as "remedial" actions in CERCLA, 42

25   U.S.C. §9601(24).  Construction of the DBA V remedy was completed in April,

26

27   _____

    [11] DTSC admits in its Complaint that the Facility "received closure

28   certification" on March 27, 2003, and "transitioned to postclosure status pursuant to
    a 'postclosure permit' approved by DTSC on June 20, 2003." (Complaint ¶25).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001                      DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
                                   DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

2004 and the construction completion report submitted to DTSC in June, 2004 (*Id.* at 2). Therefore, physical on-site construction of this element of the remedy was necessarily initiated prior to June, 2004 and the six-year limitations period for a remedial action expired before June, 2010, many years before DTSC filed suit.

Lest there be any doubt that the remedy commenced more than six years before the Complaint was filed, on April 11, 2014, DTSC itself certified that "ALL final remedy decisions and ALL remedy construction necessary for protection of human health and the environment" was completed for "ALL portions of the site, completely installed and operating according to specifications stated in the remedy decision documents or approved work plans" (emphasis in original)(*Id.* at 5)[12]. Given that DTSC admits that construction of the on-site remedy was completed by April 11, 2014, it necessarily admits that physical on-site construction of the remedial action commenced prior to that date. Based on DTSC's certification, the limitations period expired no later than April 11, 2020, over a year before DTSC filed suit.

> ## 2. The Statute of Limitations For Removal Action Costs Expired Because DTSC Filed Suit More Than Three Years After Completion of the Removal Action

Even if the work discussed above constituted "removal" actions, rather than "remedial" actions, the limitations period expired long ago. The statute of limitations for a removal action is three years after its *completion* (CERCLA §113(g)(2)(A) , 42 U.S.C. §9613(g)(2)(A)).[13] Removal actions are defined as "the cleanup or removal of released hazardous substances from the environment, such

---

[12] DTSC "acknowledge[d] in writing that the [Panoche] facility . . . completed construction of a facility's remedy that was designed to achieve long-term protection of human health and the environment and that the remedy is fully functional as designed . . . " (RJN Ex. 1 at 5-6 – Construction Complete) The acknowledgment applied to "Entire Facility." (*Id.*)

[13] "An initial action for recovery of the costs referred to in section 107 must be commenced (A) for a removal action, within 3 years after completion of the removal action . . ."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

actions as may be necessary taken in the event of the threat of release of hazardous substances into the environment, such actions as may be necessary to monitor, assess, and evaluate the release or threat of release . . . [and] the taking of such other actions as may be necessary to prevent, minimize, or mitigate damage . . ." 42 U.S.C. §9601(23). Removal actions generally include "immediate or interim responses." Remedial actions are defined as "those actions consistent with permanent remedy taken instead of or in addition to removal actions. . . . The term includes, but is not limited to, such actions at the location of the release as storage, confinement, perimeter protection using dikes, trenches, or ditches, clay cover, neutralization, cleanup of released hazardous substances . . . excavations . . collection of leachate and runoff, onsite treatment . . . and any monitoring reasonably required to assure that such actions protect the public health and welfare and the environment." 42 U.S.C. §9601(24). Here, the three-year limitations period for removal actions expired many years before suit was filed in 2020. All of the work for the Initial Closure Areas was completed in 2000 and for DBA V in 2004. DTSC deemed that construction of the entire remedy was completed by April 11, 2014.

**C.** **The Complaint Must Be Dismissed Because DTSC Has Not And Cannot Plausibly Plead That A Release Or Threatened Release Of Hazardous Substances At The Site Caused It To Incur Necessary Response Costs.**

In order to establish a claim for cost recovery under §107 of CERCLA, the plaintiff must plausibly allege, *inter alia*, that a release or threatened release of a hazardous substance caused the plaintiff to incur necessary response costs. "The touchstone for determining the necessity of response costs is whether there is an actual threat to human health or the environment." *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 867 (9th Cir. 2001) ("*Carson Harbor*"). In *Carson Harbor*, the Ninth Circuit held that "remediation costs are recoverable under

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

CERCLA only if 'necessary.'  It is generally agreed that this standard requires an actual and real threat to human health or the environment exist before initiating a response action." (*Id.* at 871).  See also *City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1003 (9th Cir. 2010) ("Response costs are considered necessary when an actual and real threat to human health or the environment exist[s].") and *City of Lincoln v. United States*, No. 2:16-cv-1164-KJM-AC, 2020 U.S. Dist. LEXIS 158386, at *19 (E.D. Cal. Aug. 31, 2020)(citing *City of Colton*).

In *Yellow Freight Sys. v. ACF Indus.*, 909 F. Supp. 1290, 1299 (E.D. Mo. 1995)(cited favorably by the Ninth Circuit in *Carson Harbor*) the Court held that "[a] theoretical threat is not enough."  Rather, "[t]o be necessary under CERCLA [plaintiff] must establish an actual and real public health threat exists prior to initiating a response action . . . Where the conditions at a site do not pose any plausible threat to human health or the environment, the response cannot be deemed necessary and recovery must be denied." (citations omitted).

Here, it is undisputed that a final remedy, which included recovery and management of groundwater, leachate, and soil vapor, contaminated by past waste management activities; routine inspections, maintenance and compliance activities and long term monitoring and reporting of groundwater, leachate and soil vapor  as well as removal of drums and installation of a groundwater treatment and containment system was completed many years ago (RJN Ex. 1 at 1-5 – Construction Complete).  It is also undisputed that the remedy is "on-going" (Complaint ¶26) and in "good condition" and  "functioning properly." (RJN Ex. 6 at 1 - December 30, 2021 letter from ITELT to Mary Gaspari and accompanying report by Independent Engineer)  Nowhere does DTSC allege, nor can it, that the physical conditions at the Site present a current release or threatened release.

Rather, DTSC's claim is entirely based on the allegation that there is a shortfall in ITELT's financial assurances for postclosure activities such that at some

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

unspecified future date, ITELT "would not be able to meet the financial assurance[14] obligations for continued maintenance of the closed units, including the amount necessary for renewal of its permit to conduct the required postclosure activities." (Complaint ¶¶29-31).[15]   DTSC does not even allege that there will be a release or threatened release at some time in the future.  It merely alleges that there may be a threatened release "if Panoche is not properly managed when existing funds are depleted..."[16] (Complaint ¶33).  This does not constitute "an actual and real threat to human health and the environment" necessitating the incurrence of response costs. This "theoretical risk"  is insufficient to state a claim under §107 of CERCLA.[17]

*Powell Duffryn Terminals v. CJR Processing*, 808 F. Supp. 652, 653 (N.D. Ill. 1992) is instructive.  There, Powell Duffryn owned and operated a storage tank facility for the storage of liquids.  CJR Processing leased two of the tanks in which it stored liquids.  Illinois EPA sampled the liquid and determined that the tanks contained concentrations of hazardous substances and directed Powell Duffryn to remove the liquid from the tanks.  After CJR failed to remove the liquid, Powell Duffryn did so and filed suit against CJR to recover its response costs pursuant to §107 of CERCLA.  The Court held that to state a claim, Powell Duffryn had to allege that CJR was responsible for a release or threatened release and caused CJR

---

[14] The financial assurance requirements require that ITELT demonstrate that it has sufficient funds available to operate the Site for the next thirty (30) years.)(Complaint ¶32)

[15] DTSC does not allege that ITELT does not currently have the funds to operate the Site.  Rather, it alleges that it determined that " ITELT would not be able to meet the financial assurance obligations for continued maintenance of the closed units . . ." (Complaint ¶32)

[16] DTSC alleges (Complaint ¶33) that there will be a threatened release if a permanent remedy has not been implemented.  However, this allegation is belied by DTSC's own admission that post-closure operations have been implemented, approved and are ongoing.

[17] This is not case where the site is in disarray, or where a remediation was attempted and then abandoned, leading to a real risk of harm to human health or the environment. *See e.g., United States v. Union Corp.*, 259 F. Supp. 2d 356, 405 (E.D. Pa. 2003) (CERCLA claim brought by the government after failed remediation and government determined the site still posed a substantial hazard to human health or the environment).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

to incur response costs.  The Court then held that the complaint did not sufficiently allege a CERCLA claim because there was no allegation that the solution in the tanks was "capable of escaping into the environment." (*Id.* at 654). In order to successfully plead a claim, the Court held that Powell Duffryn needed to allege and establish "a concrete threat of release" that was "imminent." (*Id.* at 656-57). Because "the complaint does not establish that immediate short-term action was necessitated by the presence of the liquid in the storage tanks. . ." (*Id.* at 655), it dismissed the Complaint.

Likewise here, DTSC has not pled that a release or threat of release is imminent or that immediate removal or remedial action is necessary nor could it do so.  Again, as noted above, there is no dispute that the wastes have been adequately contained for approximately 20 years and that the facility is "in good condition" with all "closure systems functioning properly." (RJN Ex. 6 at 1 - December 30, 2021 letter from ITELT to Mary Gaspari and accompanying report by Independent Engineer).  The mere speculation that there may be a release at some future date in the event that ITELT runs out of money certainly is  not concrete or imminent. See *Diverse Real Estate Holdings v. Intl'l Mineral and Chem. Corp.*, No. 91 C 8090, 1995 WL 110138, at *7 (N.D. Ill. Mar. 13, 1995) (concluding there was no "realistic, concrete" threat of release into the environment where there was "no evidence of a release of hazardous substances into the surrounding groundwater over the last thirty-six years").  Therefore, DSTC's allegations are insufficient to state a claim under §107.

DTSC's ability to claim that ITELT's funding situation is causing a concrete threat of an imminent release is belied by the fact that DTSC has been aware of ITELT's financial issues since at least 2002, when IT filed for bankruptcy protection (Complaint ¶28), and aware of ITELT's inability to provide financial assurance since at least 2016 (Complaint ¶¶29-31), yet does not allege that it has had to take any response action to address the conditions at the Site.  A federal bankruptcy court

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

previously rejected the argument by DTSC that the lack of assurance of long term funding is sufficient to establish an imminent threat.  In *In re Exide Holdings, Inc.,* No. 20-11157-CSS, 2021 WL 3145612, *8 (D. Del. July 26, 2021), DTSC argued that a contaminated site "posed an imminent and identifiable harm to the public health and safety" because its post-closure plan was underfunded, which could possibly lead to the site being abandoned at some future date. (*Id.* at *4, *8).   The *Exide* court rejected DTSC's argument, holding that because the site was secure and the contamination contained, it did not pose an imminent threat to the public. (*Id.* at *8).  It held that although it was estimated that additional funds were necessary to sustain the site on a long term basis, such future risks were speculative or indeterminate and such expenses were not "connected to imminent and identifiable harms."  (*Id.* at *11).

Similarly here, given that the Site is secure, in good condition and operating properly, and DTSC has not pled that the contamination is not contained, the mere allegation that ITELT may run out of funds sometime in the future is insufficient to support a claim that there is a risk of imminent harm requiring DTSC to incur response costs.  DTSC has not and cannot plausibly plead that there is a release or threat of release sufficient to cause it to incur response costs. Therefore, its CERCLA claim must be dismissed.

## IV.   DTSC'S SECOND CLAIM FOR RELIEF FOR DECLARATORY RELIEF PURSUANT TO SECTION 113(g)(2) OF CERCLA IS BARRED BECAUSE ITS FIRST CLAIM FOR RELIEF IS BARRED

Because DTSC's First Claim for Relief must be dismissed, either because the statute of limitations expired or because it cannot plausibly allege that a release or threat of release caused it to incur response costs, its Second Claim for Relief for Declaratory Relief pursuant to section 113(g)(2) of CERCLA is also barred.  In *City of Colton*, 614 F.3d at 1007, the plaintiff argued that although its claim for response costs was denied, it could seek declaratory relief for future response costs.  The

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

Ninth Circuit held it could not.  The Court noted that CERCLA §113(g)(2), 42 U.S.C. §9613(g)(2),  provides that in an initial cost recovery action under CERCLA §107, "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any *subsequent* action or actions to recover further response costs or damages." (*Id.* at 998)(emphasis added).  Because the language refers to "subsequent action or actions to recover further response costs" the Court held that the term "liability for response costs" refers to the response costs sought in the initial cost-recovery action.  (*Id.* at 998).  Therefore, it held that §113(g) only permits declaratory relief if the complaining party "successfully establishes liability for the response costs in the initial cost-recovery action" and does not authorize declaratory relief where the party failed to establish liability.  (*Id.* at 998).

Thus,  "declaratory relief is available only if liability for past costs has been established under section 107." (*Id.* at 998).  Because, as demonstrated above, DTSC cannot establish defendants' liability under section 107, its claim for declaratory relief is also barred.  *See also Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 92 (2d Cir. 2000) (per curiam)(holding that where plaintiff had not incurred compensable expenses under CERCLA, its claim for declaratory relief  was barred as a matter of law.); *United States v. Occidental Chem. Corp.*, 200 F.3d 143, 153-54 (3d Cir.1999)(where a defendant does not have liability for past costs, declaratory relief is not permitted); *Trimble v. Asarco, Inc.*, 232 F.3d 946, 958 (8th Cir. 2000), *overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)(holding that plaintiff cannot obtain declaratory relief without having incurred recoverable response costs).   Therefore, DTSC's Second Claim for Declaratory Relief must also be dismissed.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

17
DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)

1 | ## V. CONCLUSION

2 In light of the foregoing, both of DTSC's claims for relief must be dismissed.

3

4

5 Dated:  March 14, 2022 LOEB & LOEB LLP
ALBERT M. COHEN

6

7 By:
8 Albert M. Cohen
Attorneys for Defendant
9 PAC Operating Limited Partnership
incorrectly named as Prologis, Inc.

10

11 Dated:  March 14, 2022 EDGCOMB LAW GROUP, LLP

12

13 By:/s/ John D. Edgcomb
(as authorized on March 14, 2022)
John D. Edgcomb
14 Attorneys for Stauffer Management
Company LLC, as litigation agent for
15 Defendant Bayer CropScience, Inc.

16

17 Dated:  March 14, 2022 ROGERS JOSEPH O'DONNELL

18

19 By:/s/ Robert C. Goodman
(as authorized on March 14, 2022)
Robert C. Goodman
20 Attorneys for Defendant Chevron U.S.A.,
Inc. and Chevron Oronite Company LLC

21

22 Dated:  March 14, 2022 GLYNN, FINLEY, MORTL HANLON &
FRIEDENBERG, LLP

23

24 By:/s/ Andrew T. Mortl
(as authorized on March 14, 2022)
25 Andrew T. Mortl
Attorneys for Defendant E.I. du Pont de
26 Nemours and Company

27

28

18

21961745.1
228701-10001

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1     Dated:  March 14, 2022                    FARELLA BRAUN + MARTEL LLP

2

3                                               By: /s/ Robert L. Hines
                                                    (as authorized on March 14, 2022)
4                                                   Robert L. Hines
                                                    Attorneys for Defendant FMC
5                                                   Corporation

6
      Dated:  March 14, 2022                    MANATT, PHELPS & PHILLIPS, LLP
7

8                                               By: /s/ Peter Duchesneau
                                                    (as authorized on March 14, 2022)
9                                                   Peter Duchesneau
                                                    Attorneys for Defendant International
10                                                  Business Machines Corporation

11

12    Dated:  March 14, 2022                    DOWNEY BRAND LLP

13

14                                              By: /s/ Steven H. Goldberg
                                                    (as authorized on March 14, 2022)
15                                                  Steven H. Goldberg
                                                    Attorneys for Defendant Union Pacific
16                                                  Railroad Company

17
      Dated:  March 14, 2022                    EDLIN GALLAGHER HUIE + BLUM
18

19                                              By: /s/ Earl L. Hagstrom
                                                    (as authorized on March 14, 2022)
20                                                  Earl L. Hagstrom
                                                    Fred M. Blum
21                                                  Farheena A. Habib
                                                    Attorneys for Defendant United States
22                                                  Steel Corporation

23

24    Dated:  March 14, 2022                    BARG COFFIN LEWIS & TRAPP, LLP

25

26                                              By: /s/ Brian S. Haughton
                                                    (as authorized on March 14, 2022)
27                                                  Brian S. Haughton
                                                    Attorneys for Defendant Pacific Gas and
28                                                  Electric Company

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

1    Dated:  March 14, 2022                    WILSON TURNER KOSMO LLP

2

3                                              By: */s/ Robin A. Wofford*
                                                   (as authorized on March 14, 2022)
4                                                  Robin A. Wofford
                                                   Jonna D. Lothyan
5                                                  Attorneys for Defendant
                                                   SHELL OIL COMPANY n/k/a SHELL
6                                                  U.S.A., INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21961745.1
228701-10001

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED .R. CIV. P. §12(B)(6)